Annette GIRARD

v.

NEW YORK COLLERS, INC.

No. 98–487–A.

Supreme Court of Rhode Island.

July 12, 1999.

Michael H. Feldhuhn, Providence.

John G. Hines, Providence.

### ORDER

The plaintiff, Annette Girard, appeals from the entry of summary judgment in favor of the defendant, New York Collers, Inc. After a conference before a single justice, this case was assigned to the full court at a session in conference pursuant to Rule 12A(3)(b) of the Rules of Appellate Procedure. After reviewing the record and the parties' prebriefing statements, we proceed to decide the case at this time without further briefing or argument.

On July 21, 1994, the plaintiff slipped and fell in the defendant's parking lot. In January of 1995, she retained the services of attorney Seth Perlmutter to represent her in that action. On August 17, 1996, attorney Perlmutter suffered a heart attack, which disabled him for some time thereafter. On behalf of attorney Perlmutter, his associate filed a petition with this Court seeking to toll the running of statutes of limitations and the time for answering complaint in his cases for a period of three months. We granted the petition and an order entered on August 30, 1996 which provided that: "All statutes of limitations applicable to the claims of clients of Seth Adam Perlmutter are hereby unconditionally extended for a period of 60 days from the date of this order."

A year later, on August 26, 1997, the plaintiff, with new counsel, filed a complaint alleging that she slipped and fell in the defendant's parking lot on July 21, 1994. The defendant filed a motion for

summary judgment alleging that plaintiff's complaint was barred by the three-year statute of limitations for personal injury actions pursuant to G.L. 1956 § 9–1–14(b). The trial justice granted the motion and judgment was entered in favor of the defendant.

The plaintiff appealed, arguing that this Court's order tolled the statute of limitations for 60 days. She maintains that the effect of the tolling was to add 60 days to the three-year statute of limitation period. Therefore, she asserts that she had until September 21, 1997, to file suit.

In granting the defendant's motion, the trial justice reasoned that our earlier order only extended the statutes of limitations on those claims which might run on or within 60 days of August 30, 1996. We agree. The order entered on August 30, 1996 permitted the statutes of limitations to be extended to 60 days from the date of the order, that is, until October 29, 1996. The applicable statute of limitations as to plaintiff's claim, however, did not expire until July 21, 1997, almost nine months after the extension had ended. We conclude that the plaintiff's claim was not within the class of claims to which the extension period applied and therefore, the trial justice did not err in granting summary judgment.

For the foregoing reasons, we deny and dismiss this appeal and affirm the judgment. The papers may be remanded to the Superior Court.